McGREGOR W. SCOTT
United States Attorney
ROSS PEARSON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:19-CR-00153-DAD-BAM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER |
| v. | |
| RANDOLPH PICCHI ET AL., | DATE: May 11, 2020 |
| Defendants. | TIME: 1:00 p.m. |
| | COURT: Hon. Barbara A. McAuliffe |

This case is set for status conference on May 11, 2020.  On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their counsel of record, hereby stipulate as follows:

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1    1.    By previous order, this matter was set for status on May 11, 2020.

2    2.    By this stipulation, defendants now move to continue the status conference until

3  September 28, 2020, and to exclude time between May 11, 2020, and September 28, 2020, under Local

4  Code T4.

5    3.    The parties agree and stipulate, and request that the Court find the following:

6         a)    The government has represented that the discovery associated with this case

7  includes over 7,000 pages of police reports, FBI serials, wiretap documents, intercepted calls and

8  text messages, photographs, cell phone reports, and other media.  This discovery has been either

9  produced directly to counsel and/or made available for inspection and copying.  All of this

10 discovery has been either produced directly to counsel and/or made available for inspection and

11 copying.

12        b)    Counsel for defendants desire additional time to consult with their clients, review

13 discovery, research the charges, discuss potential resolutions with their clients, and otherwise

14 prepare for trial. In addition, as a result of the public health emergency, defense counsels' ability

15 to communicate with their clients has been largely limited to telephone.  This limited access

16 requires significant additional time to convey discovery to their clients, and to consult with and

17 review discovery and other case matters.

18        c)    Counsel for defendants believe that failure to grant the above-requested

19 continuance would deny him/her the reasonable time necessary for effective preparation, taking

20 into account the exercise of due diligence.

21        d)    The government does not object to the continuance.

22        e)    In addition to the public health concerns cited by General Order 617, and

23 presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

24 this case because some of the parties are high-risk due to factors such as age and medical

25 conditions.  Counsel for the parties have also been limited in their ability to conduct investigation

26 and research the case due to shelter-in-home orders and remote working limitations.

27        f)    Based on the above-stated findings, the ends of justice served by continuing the

28 case as requested outweigh the interest of the public and the defendants in a trial within the

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1    original date prescribed by the Speedy Trial Act.

2       g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

3    et seq., within which trial must commence, the time period of May 11, 2020 to September 28,

4    2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

5    T4] because it results from a continuance granted by the Court at defendants' request on the basis

6    of the Court's finding that the ends of justice served by taking such action outweigh the best

7    interest of the public and the defendants in a speedy trial.

8      4. Nothing in this stipulation and order shall preclude a finding that other provisions of the

9    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

10   must commence.

         [Remainder of Page Left Blank]

1    IT IS SO STIPULATED.

2

3

4    Dated:  May 4, 2020                          McGREGOR W. SCOTT
                                                  United States Attorney

5

6                                                 /s/ ROSS PEARSON
                                                  ROSS PEARSON
7                                                 Assistant United States Attorney

8

9    Dated:  May 4, 2020                          /s/ JOHN F. GARLAND

10                                                JOHN F. GARLAND
                                                  Counsel for Defendant
11                                                RANDOLPH PICCHI
                                                  (Authorized by email on May 4,
12                                                2020)

13

14   Dated:  May 5, 2020                          /s/ VIRNA SANTOS

                                                  VIRNA SANTOS
15                                                Counsel for Defendant
                                                  TINA PICCHI
16                                                (Authorized by email on May 5,
                                                  2020)
17

18   Dated:  May 4, 2020                          /s/ ROGER WILSON

                                                  ROGER WILSON
19                                                Counsel for Defendant
                                                  MICHAEL MIZE
20                                                (Authorized by email on May 4,
                                                  2020)
21

22   Dated:  May 4, 2020                          /s/ JAI GOHEL

                                                  JAI GOHEL
23                                                Counsel for Defendant
                                                  MICHAEL PACK
24                                                (Authorized by email on May 4,
                                                  2020)
25

26

27

28

## **ORDER**

IT IS SO ORDERED that the Status Conference is continued from May 11, 2020 to **September 28, 2020 at 1:00 PM before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **May 6, 2020**                    /s/ *Barbara A. McAuliffe*

                                      UNITED STATES MAGISTRATE JUDGE