McGREGOR W. SCOTT
United States Attorney
ROSS PEARSON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RANDOLPH PICCHI ET AL.,<br><br>Defendants. | CASE NO. 1:19-CR-00153-DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>DATE: December 9, 2020<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |
|---|---|

This case is set for status conference on December 9, 2020. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice. This General Order was entered to address public health concerns related to COVID-19. Further, pursuant to General Order 611 and 620, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2020.[1]

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

*Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on December 9, 2020.

2. By this stipulation, defendants now move to continue the status conference until April 14, 2021, and to exclude time between December 9, 2020, and April 14, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes over 7,000 pages of police reports, FBI serials, wiretap documents, intercepted calls and text messages, photographs, cell phone reports, and other media. This discovery has been either produced directly to counsel and/or made available for inspection and copying. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendants desire additional time to consult with their clients, review discovery, research the charges, discuss potential resolutions with their clients, and otherwise prepare for trial. In addition, as a result of the public health emergency, defense counsels' ability to communicate with their clients has been largely limited to telephone. This limited access requires significant additional time to convey discovery to their clients, and to consult with and review discovery and other case matters. In addition, each of the parties has engaged in plea discussions and the extra time will likely allow the parties to resolve this matter without trial.

   c) Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) In addition to the public health concerns cited by General Order 617, and

presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because some of the parties are high-risk due to factors such as age and medical conditions. Counsel for the parties have also been limited in their ability to conduct investigation and research the case due to shelter-in-home orders and remote working limitations.

   f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

   g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 9, 2020 to April 14, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

[Remainder of Page Left Blank]

1    IT IS SO STIPULATED.

Dated:  December 3, 2020 McGREGOR W. SCOTT
United States Attorney

/s/ ROSS PEARSON
ROSS PEARSON
Assistant United States Attorney

Dated:  December 3, 2020 /s/ JOHN F. GARLAND
JOHN F. GARLAND
Counsel for Defendant
RANDOLPH PICCHI
(Authorized by email on
December 3, 2020)

Dated:  December 3, 2020 /s/ VIRNA SANTOS
VIRNA SANTOS
Counsel for Defendant
TINA PICCHI
(Authorized by email on
December 3, 2020)

Dated:  December 3, 2020 /s/ ROGER WILSON
ROGER WILSON
Counsel for Defendant
MICHAEL MIZE
(Authorized by email on
December 3, 2020)

Dated:  December 3, 2020 /s/ JAI GOHEL
JAI GOHEL
Counsel for Defendant
MICHAEL PACK
(Authorized by email on
December 3, 2020)

///

///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5

### **ORDER**

IT IS SO ORDERED that the status conference is continued from December 9, 2020, to **April 14, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **December 4, 2020**              /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

6